UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JOHNATHAN LEE NALL                                   CIVIL ACTION

VERSUS                                                        NUMBER: 23-5197

JACK STRAIN, ET AL.                                     SECTION: "I" (5)

### ORDER

Before the Court is a Motion for Reconsideration (rec. doc. 15) of this Court's Order dated November 14, 2023 (rec. doc. 11), in which this Court denied Plaintiff's Motion to Appoint Counsel. (Rec. doc. 7). Having reviewed the motion and the case law, the Court rules as follows.

The Federal Rules of Civil Procedure do not expressly allow motions for reconsideration of an order. *Bass v. U.S. Dep't of Agric.*, 211 F.3d 959, 962 (5th Cir. 2000). The Fifth Circuit treats a motion for reconsideration challenging a prior order as either a motion "to alter or amend" under Federal Rule of Civil Procedure 59(e) or a motion for "relief from judgment" under Federal Rule of Civil Procedure 60(b). *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990), *abrogated on other grounds by Little v. Liquid Air Corp.*, 37 F.3d 1069, 1076 (5th Cir. 1994). The difference in treatment is based on timing. If the motion is filed within 28 days of the order, then it falls under Rule 59(e). *Id.* However, if the motion is filed more than 28 days after the judgment, it is governed by Rule 60(b). *Id.* In the present case, Plaintiffs' motion for reconsideration (rec. doc. 15) was filed on April 14, 2023, which is more than 28 days after the November 14, 2023 order (rec. doc. 11) denying Plaintiff's motion to appoint counsel.

As a result, Plaintiffs' motion for reconsideration is analyzed under the more stringent Rule 60(b) standard. *Villarrubia v. Encompass Indem. Co.*, No. Civ. A. 10-734, 2011

WL 2413492, at *1 (E.D. La. June 13, 2011). Rule 60(b) provides that a court may reconsider an order for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by reasonable diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud, misrepresentation, or other misconduct; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or it is based on a prior judgment that has been reversed or vacated, or it is no longer equitable for the judgment to have prospective application; or (6) any other reason that justifies relief. Fed. R. Civ. P. 60(b). A district court has considerable discretion to grant or deny relief under Rule 60(b). *Hesling v. CSX Transp., Inc.*, 396 F.3d 632, 638 (5th Cir. 2005). A district court abuses its discretion only if it bases its decision on an erroneous view of the law or clearly erroneous assessment of the evidence. *Id.*; *James v. Smith*, No. Civ. A. 22-2877, 2023 WL 2709844, at **1-2 (E.D. La. Mar. 30, 2023); *Villarrubia*, 2011 WL 2413492, at *1.

The Court finds that Plaintiff has not satisfied the stringent standard of Rule 60(b) for reconsideration of this Court's order denying him counsel. The only "newly discovered evidence" that Plaintiff raises in his motion for reconsideration is that he is allegedly "prone to dramatic panic attacks for extensive periods of sobbing when addressing the subject matter at bar." (Rec. doc. 15 at 1). But this is "evidence" that would have been known to Plaintiff when he filed his original motion to appoint counsel, and there is no mention of it in that motion. Such an allegation does not alter this Court's findings in its original order denying the appointment of counsel. Accordingly,

**IT IS ORDERED** that the Motion for Reconsideration (rec. doc. 15) is **DENIED**.

New Orleans, Louisiana, this __8th__ day of _____January_____, 2024.

_____
MICHAEL B. NORTH
UNITED STATES MAGISTRATE JUDGE