UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JOHNATHAN LEE NALL                                    CIVIL ACTION

VERSUS                                                NUMBER: 23-5197

JACK STRAIN, ET AL.                                   SECTION: "I" (5)

REPORT AND RECOMMENDATION

Before the Court is Defendants' Motion to Dismiss.  (Rec. doc. 18).  Plaintiff has filed no opposition to the motion in accordance with the local rules of this Court.  After the deadline to file an opposition, Defendants filed a reply in support of their motion to dismiss.  (Rec. doc. 20).  Having reviewed the pleadings and the case law, the Court recommends as follows.

I.     Factual Background

Plaintiff Johnathan Lee Nall, a prisoner at St. Tammany Parish Jail, filed this lawsuit under 42 U.S.C. § 1983 on October 2, 2023 against Defendants, former Sheriff Jack Strain in his individual and official capacity; Deputy Schoolcraft in his individual and official capacity; and the St. Tammany Parish Sheriff's Office in its individual and official capacity.  (Rec. doc. 4).  Plaintiff alleges that on the morning of May 5, 2014, he awoke to "excruciating" lower back pain and pain in his rectum.  (*Id.* at 4).  Plaintiff alleges that he was sexually assaulted the night before after he had taken his medication.  (*Id.*).

Plaintiff called Deputy Vandenbroek to his cell and informed him that two deputies had raped him during the night.  (*Id.*).  Vandenbroek took Plaintiff to the jail's medical bay and called a detective to the scene.  (*Id.*).  Plaintiff signed a waiver of rights and made a statement.  (*Id.*).  Plaintiff alleges that two days later, Dr. French called Plaintiff to medical where he performed a rape kit on Plaintiff while Nurse Florence Eberts observed.  (*Id.*).

Plaintiff asks this Court to charge Strain and Schoolcraft criminally for the alleged offense. (*Id.* at 5). He also seeks compensatory, punitive, and nominal money damages. (*Id.*).

## II.  Claims Against the St. Tammany Parish Sheriff's Office

Plaintiff has named the St. Tammany Parish Sheriff's Office ("STPSO") as a defendant. However, that is clearly improper, because "a sheriff's office is not a legal entity capable of being sued . . . ." *Cozzo v. Tangipahoa Par. Council-President Gov't*, 279 F.3d 273, 283 (5th Cir. 2002); *accord Mitchell v. Jefferson Par. Corr. Ctr.*, Civ. A. No. 13-4963, 2013 WL 6002770, at *3 (E.D. La. Nov. 12, 2013); *Francois v. Jefferson Par. Sheriff's Office*, Civ. Action No. 12-1965, 2013 WL 654640, at *6 (E.D. La. Feb. 21, 2013) ("Louisiana law has not afforded any legal status to parish sheriff's departments such that they can be sued."). Accordingly, the claim against the STPSO is frivolous and fails to state a claim upon which relief may be granted. *See, e.g., Hite v. Terrebonne Par. Criminal Justice Complex*, Civ. Action No. 16-13828, 2016 WL 6892810, at *3 (E.D. La. Oct. 24, 2016); *Kerr v. Orleans Par. Sheriff's Office, Prison*, Civ. Action No. 15-0746, 2015 WL 4755174, at **3-4 (E.D. La. Aug. 10, 2015).

## III.  Claims Against Sheriff Strain and Deputy Schoolcraft ("Defendants")

Defendants argue that Plaintiff's claims under Section 1983 are prescribed. The United States Fifth Circuit Court of Appeals has held:

> The statute of limitations for Section 1983 claims is "the forum state's personal-injury limitations period," which in Louisiana is one year. *Jacobsen v. Osborne*, 133 F.3d 315, 319 (5th Cir. 1998). "In applying the forum state's statute of limitations, the federal court should also give effect to any applicable tolling provisions." *Gartrell v. Gaylor*, 981 F.2d 254, 257 (5th Cir. 1993). However, federal law governs when a Section 1983 claim accrues. *Jacobsen*, 133 F.3d at 319. This court has stated that "[u]nder federal law, a cause of action accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Gartrell*, 981 F.2d at 257. As a result, the limitations period begins "when the plaintiff is in possession of the

2

'critical facts that he has been hurt and who has inflicted the injury.'" *Id.* (quoting *Lavellee v. Listi*, 611 F.2d 1129, 1130 (5th Cir. 1980)).

*Smith v. Reg'l Transit Auth.*, 827 F.3d 412, 421 (5th Cir. 2016).  On the face of Plaintiff's complaint, Plaintiff became aware that he had allegedly been abused and who allegedly abused him on May 5, 2014.  (Rec. doc. 4 at 4).  Plaintiff's claim therefore prescribed on May 6, 2015.  Because Plaintiff waited more than nine years to bring this action concerning the 2014 incident, any claims arising from that incident are prescribed – and prescribed claims are properly dismissed as "frivolous."  *See, e.g., Brown v. Pool*, 79 F. App'x 15, 17 (5th Cir. 2003); *Gonzales v. Wyatt*, 157 F.3d 1016, 1019-20 (5th Cir. 1998); *Davis v. Lopinto*, No. CV 22-2551, 2022 WL 5236845, at **2-3 (E.D. La. Sept. 6, 2022), *report and recommendation adopted*, No. CV 22-2551, 2022 WL 5171895 (E.D. La. Oct. 5, 2022); *Smith v. Orleans Par. Prison*, Civ. A. No. 08-3786, 2008 WL 2951279, at *2 (E.D. La. July 25, 2008).

## IV.   Criminal Charges

As noted, Plaintiff also asks the Court to institute criminal charges against Strain and Schoolcraft.  The decision whether to bring criminal charges rests solely with a state or federal prosecutor.  *Hawthorne v. Bell*, No. CV 18-750-P, 2021 WL 2932660, at *3 (W.D. La. May 18, 2021), *report and recommendation adopted*, No. CV 18-750-P, 2021 WL 2930973 (W.D. La. July 12, 2021).  The Court does not institute criminal prosecutions.  *Id.*  Moreover, private citizens do not have a constitutional right to have an individual criminally prosecuted.  *See United States v. Batchelder*, 442 U.S. 114, 124 (1979); *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973); *Amir-Sharif v. Dist. Attorney's Off. of Dallas Cnty.*, 281 F. App'x 413 (5th Cir. 2008).  Plaintiff's claims regarding criminal charges are thus frivolous because they lack an arguable basis in law and in fact.

3

## V.     Conclusion

For the foregoing reasons,

**IT IS RECOMMENDED** that Defendants' Motion to Dismiss (rec. doc. 18) be **GRANTED**, and Plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failure to state a claim upon which relief may be granted.

### NOTICE OF RIGHT TO OBJECT

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 14 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United States Auto. Assoc.*, 79 F.3d 1415 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this  26th  day of   February  , 2024.

_____
MICHAEL B. NORTH
UNITED STATES MAGISTRATE JUDGE

4