UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JOHNATHAN LEE NALL** | **CIVIL ACTION** |
| **VERSUS** | **No. 23-5197** |
| **JACK STRAIN, ET AL.** | **SECTION I** |

## ORDER AND REASONS

Before the Court is plaintiff Jonathan Lee Nall's ("plaintiff") *pro se* motion[1] pursuant to Federal Rule of Civil Procedure 60(b)(1) for relief from judgment because of excusable neglect. Defendants Jack Strain ("Strain"), former sheriff of St. Tammany Parish, and Deputy Schoolcraft ("Schoolcraft") filed a response.[2] For the reasons that follow, the Court denies plaintiff's motion.

### I. BACKGROUND

This lawsuit concerns an alleged incident in which two deputies sexually assaulted plaintiff while in his isolation cell on May 5, 2014.[3] On October 2, 2023, plaintiff filed this lawsuit against Strain, the St. Tammany Parish Sheriff's Office, and Schoolcraft (collectively, "defendants") alleging violations of his civil rights pursuant to 42 U.S.C. § 1983.[4]

Defendants filed a motion[5] to dismiss pursuant to Rule 12(b)(6) for failure to state a claim. Defendants argued that plaintiff's § 1983 claims were prescribed and

---

[1] R. Doc. No. 28. The Court construes this motion liberally as it was filed *pro se*. *See Moore v. McDonald*, 30 F.3d 616, 620 (5th Cir. 1994).
[2] R. Doc. No. 29.
[3] R. Doc. No. 4, at 4.
[4] *Id.* at 1.
[5] R. Doc. No. 18.

that his claims against the St. Tammany Parish Sheriff's Office were deficient because it was not a legal entity capable of being sued.[6] Lastly, defendants argued that plaintiff's request that criminal charges be brought against Strain and Schoolcraft was frivolous because whether to file criminal charges is a decision that rests with the prosecutor.[7]

Plaintiff failed to file a timely response to defendants' motion. The U.S. Magistrate Judge thereafter issued a report and recommendation[8] agreeing with each of defendants' arguments and concluding that plaintiff's complaint should be dismissed with prejudice.

Three days later after the report and recommendations was issued, plaintiff filed his response[9] to defendants' motion to dismiss. In his response, he stated that his response was late due to mail restrictions.[10] Addressing the prescription issue, plaintiff stated only that he withheld filing the lawsuit until after the sheriff and his "minions" were no longer employees of the St. Tammany Parish Sheriff's Office because of fear of retaliation.[11] With leave of Court,[12] defendants filed a reply.[13]

On March 19, 2024—after considering the motion, the record, the applicable law, the report and recommendations, and plaintiff's response—the Court adopted

---

[6] *Id.* at 4–5.
[7] *Id.* at 5.
[8] R. Doc. No. 21.
[9] R. Doc. No. 22.
[10] *Id.* at 1.
[11] *Id.*
[12] R. Doc. No. 24.
[13] R. Doc. No. 25.

the report and recommendation and dismissed plaintiff's complaint with prejudice.[14] On the same day, the Court entered judgment.[15]

On March 15, 2025[16]—roughly one year after entering judgment—plaintiff filed the present motion[17] for relief from the judgment. Plaintiff states that his case was dismissed for failing to timely respond to defendants' motion to dismiss and for the expiration of the prescription period for filing a lawsuit.[18] Plaintiff argues that his failure to timely respond was due to excusable neglect,[19] and he suggests that the doctrine of *contra non valentum* applies to toll the prescription period for his claims because he has been in the sheriff's custody since the alleged incident occurred.[20]

## II. LAW AND ANALYSIS

Federal Rule of Civil Procedure 60(b) provides that a court may "relieve a party from a final judgment" for one of six enumerated reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

---

[14] R. Doc. No. 26.
[15] R. Doc. No. 27.
[16] Though the clerk's office did not receive plaintiff's motion until March 20, 2025, plaintiff's motion was postmarked March 18, 2025. R. Doc. No. 28, at 4–5. And the motion states that plaintiff placed this motion in the jail mail on March 15, 2025. *Id.* at 3. Pursuant to the prison mailbox rule, a filing by a *pro se* prisoner is deemed filed when it is presented to prison authorities for mailing. *See Houston v. Lack*, 487 U.S. 266, 275–76 (1988). Plaintiff's address of record and the address in his motion is the St. Tammany Parish Jail. *See* R. Doc. No. 28, at 2. The Court therefore considers this motion to have been filed on March 15, 2025 and finds that plaintiff's motion is timely pursuant to Rule 60(c).
[17] R. Doc. No. 28.
[18] *Id.* at 1.
[19] Plaintiff raises only excusable neglect pursuant to Rule 60(b)(1) as a basis for relief. He does not raise any of the other enumerated basis justifying relief.
[20] R. Doc. No. 28, at 1.

3

> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

"A motion under Rule 60(b) must be made within a reasonable time." Fed. R. Civ. P. 60(c)(1). In the case of a Rule 60(b) motion brought pursuant to subsections (1), (2), and (3), such a motion must be brought "no more than a year after the entry of the judgment or order or the date of the proceeding." *Id.*

A Rule 60(b) motion may not be used to raise arguments that could have been raised prior to judgment or to argue new legal theories. *Dial One of the Mid-S., Inc. v. BellSouth Telecommunications, Inc.*, 401 F.3d 603, 607 (5th Cir. 2005). The burden of establishing at least one of the Rule 60(b) requirements is on the movants, and the determination whether that burden has been met rests within the discretion of the district court. *See Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990), *abrogated on other grounds by Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 n.14 (5th Cir. 1994) (en banc).

Plaintiff argues that relief is justified because his failure to timely respond to defendants' motion to dismiss was due to excusable neglect.[21] The Court concludes that plaintiff's requested relief is unavailable pursuant to Rule 60(b)(1). Plaintiff's complaint was not dismissed because of a failure to timely respond. Indeed, the Court explicitly considered plaintiff's response to defendants' motion to dismiss and the

---

[21] *Id.*

arguments raised therein. Plaintiff's claims were instead dismissed on the merits after considering his arguments. Furthermore, plaintiff cannot use Rule 60(b) to raise a *contra non valentum* argument that could have been raised in his response. *See Dial One of the Mid-S., Inc.*, 401 F.3d at 607. Accordingly, plaintiff has failed to meet his burden to demonstrate that his requested relief is appropriate.

### III. CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that plaintiff's motion for relief from judgment is **DENIED**.

New Orleans, Louisiana, March 26, 2025.

_____
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**